Philippe Bernard IZSAK,
Plaintiff-Appellant,

v.

Maurice H. SIGLER, Chairman, United States Parole Commission, United States Bureau of Prisons, Defendants-Appellees.

No. 79–2507.

United States Court of Appeals,
Ninth Circuit.

Aug. 28, 1979.

Rehearing Denied Oct. 10, 1979.

Victor Sherman, Nasatir, Sherman & Hirsch, Los Angeles, Cal., for plaintiff-appellant.

Deanne H. Smith, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before MERRILL and KENNEDY, Circuit Judges, and CLAIBORNE,* District Judge.

MERRILL, Circuit Judge:

In November, 1976, appellant was convicted of five counts of an indictment charging him with violations of 21 U.S.C. §§ 846 and 841(a)(1)—conspiracy, manufacturing, possession and distribution of controlled substances, specifically, amphetamine and phencyclidine (PCP). After diagnostic study he was sentenced to a term of

---

* Honorable Harry E. Claiborne, United States District Judge for the District of Nevada, sitting by designation.

eight years pursuant to the provisions of 18 U.S.C. § 4205(b)(2). A year later he applied for parole and was granted a hearing, following which parole was denied. He unsuccessfully sought relief through administrative appeals, and in August, 1978, filed a petition for habeas corpus attacking the refusal of the Commission to grant him parole.[1] That petition was denied by the district court and this appeal was taken.

In 18 U.S.C. § 4205(a) it is provided that a prisoner serving a term of more than one year shall (unless otherwise provided) be eligible for release on parole after serving one third of his term. Section 4205(b) provides two methods by which a prisoner can be made eligible for parole after serving less than one third of his term: (b)(1) by direct action of the sentencing judge in fixing a lesser period of time; (b)(2) by action of the sentencing judge in conferring eligibility for parole "at such time as the Commission may determine."

Since appellant was sentenced under § 4205(b)(2), he was eligible for parole "at such time as the Commission may determine." Guidelines for decisionmaking in this respect have been promulgated pursuant to 18 U.S.C. § 4203(a)(1)[2] under which appellant's offense was classified "very high" in severity. His parole prognosis score, however, was very good (as was his institutional behavior). Putting the two together, under the guidelines' "customary range of time to be served before release," appellant would normally be released after serving between 26 and 36 months.

Following his hearing, the panel's hearing summary stated that it felt "there was no excuse for subject becoming involved in this behavior due to his excellent training and education. [He was a law school graduate.] The panel feels that the subject should be required to do his eight-year sentence." Its recommendation was: "Continue for a four-year reconsideration hearing January, 1982." (Appellant was also scheduled to receive a statutory interim hearing in January, 1980.) As reasons, the summary and the Notice of Action issued January 31, 1978, stated in part:

"After review of all relevant factors and information presented, a decision above the guidelines at this consideration appears warranted because you were involved in an ongoing manufacturing operation involving amphetamines and phencyclidine (PCP) of unusual magnitude and sophistication in that an undercover agent obtained from Izsak's opera-

---

1. Habeas corpus, an attack on the legality of incarceration and not a collateral attack on judgment, is the proper vehicle for attacking Parole Commission action. *Andrino v. United States Board of Parole,* 550 F.2d 519 (9th Cir. 1977). A collateral attack on the sentence imposed brought under 28 U.S.C. § 2255 will not lie. *United States v. Addonizio,* —— U.S. ——, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). *Andrino* was followed by this court in *Bonanno v. United States,* 571 F.2d 588 (9th Cir. 1978). Certiorari was granted in *Addonizio* to resolve the conflict between the decision of the Third Circuit in that case and the decision of this circuit in *Bonanno.* —— U.S. at —— n. 6, 99 S.Ct. 2235.

2. By 18 U.S.C. § 4203(a)(1) it is provided that the Commission shall "promulgate rules and regulations establishing guidelines" for the granting of parole. Guidelines so established appear as tables under 28 C.F.R. § 2.20. That section provides in part:

"(a) To establish a national paroling policy, promote a more consistent exercise of discretion, and enable fairer and more equitable decision-making without removing individual case consideration, the U.S. Parole Commission has adopted guidelines for parole release consideration.

(b) These guidelines indicate the customary range of time to be served before release for various combinations of offense (severity) and offender (parole prognosis) characteristics. The time ranges specified by the guidelines are established specifically for cases with good institutional adjustment and program progress.

(c) These time ranges are merely guidelines. Where the circumstances warrant, decisions outside of the guidelines (either above or below) may be rendered."

18 U.S.C. § 4206(c) provides:

"The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing: *Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon."

tion enough amphetamines to produce approximately one million mini-tablets and large quantities of precursors and an illicit drug press and the scheme, by your admission, was of approximately six months duration."

The action taken by the Commission was affirmed following administrative review.[3]

■ Appellant first contends that he did not receive the notice and summary required by § 4206(c) (*supra,* note 2). The hearing panel's Notice of Action, however, made plain the reasons for the action taken and for departure from the guidelines. In our judgment, notice and summary were adequate.[4]

■ Appellant's principal contention to the district court and on appeal is that the Commission acted in an arbitrary and capricious manner when it denied parole based on the severity of the offense in the face of the sentencing judge's action in making appellant eligible for an early parole under § 4205(b)(2). Appellant reads the action of the sentencing judge as expressing his judgment as to the severity of the crime and in effect pre-empting the field as to that factor, thereby requiring the Commis-

sion to determine the time for release on parole solely on appellant's subsequent institutional behavior. Appellant asserts that denial of parole under these circumstances frustrated the sentencing intention of the judge. He relies on *Addonizio v. United States,* 573 F.2d 147 (3d Cir. 1978); *Edwards v. United States,* 574 F.2d 937 (8th Cir. 1978); and *Shahid v. Crawford,* 430 F.Supp. 126 (M.D.Ala.1977).

The Commission, under 18 U.S.C. § 4206(a)[5] and its own regulations and guidelines, must give due consideration to the severity of the crime. *O'Brien v. Putnam,* 591 F.2d 53 (9th Cir. 1979). Here the Commission did not confine its consideration solely to that factor. It expressly took note of appellant's institutional record and of the high score attained in the parole prognosis computation. If appellant was aggrieved, it was in the balance struck by the Commission in making its determination as to a release date that would not depreciate the seriousness of the offense, permit disrespect for the law, or jeopardize the public welfare.

*Addonizio v. United States, supra,* has now been reversed by the Supreme Court,

---

**3.** The reasons given by the Regional Commissioner on appeal differed slightly from those of the hearing panel. He stated:

"After review of all relevant factors and information presented, a decision above the guidelines at this consideration appears warranted because your offense was unusually sophisticated, of unusual magnitude, and ongoing: you planned to manufacture extremely large amounts (approximately two and a half million) of amphetamine tablets weekly and to produce phencyclidine (PCP) in large quantities (100 lb. quantities). Sophistication was exhibited by the manner in which the offense was organized and, by your admission was of approximately six months duration."

**4.** Appellant also complains that he was not supplied with advance notice of the specific grounds upon which the Commission intended to exceed the guidelines. We agree with the District Court for the Central District of California that "Neither the Guidelines nor the statute impose any such [advance notice] requirement on the Commission." *Stoller v. Tennant,* 448 F.Supp. 712, 714 (C.D.Cal.1978). *Grattan v. Sigler,* 525 F.2d 329 (9th Cir. 1975), relied on by appellant, is distinguishable. In *Grattan* the

petitioner was not informed of the reasons for the denial of parole until after he had exhausted all his administrative appeals. "This explanation came too late to serve the purpose of the Board's own regulations." *Id.* at 331. Here, appellant was informed of the Commission's reasoning by the Notice of Action before he initiated his administrative appeals.

**5.** 18 U.S.C. § 4206(a) provides as follows:

"(a) If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:

(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare;

subject to the provisions of subsections (b) and (c) of this section, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released."

—— U.S. ——, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), *supra,* note 1. Although the Court did not reach the merits of the Parole Commission action in that case it did have something to say on the subject. It stated:

"Whether wisely or not, Congress has decided that the Commission is in the best position to determine when release is appropriate, and in doing so, to moderate the disparities in the sentencing practices of individual judges. The authority of sentencing judges to select precise release dates is, by contrast, narrowly limited: the judge may select an early parole eligibility date, but that guarantees only that the defendant will be considered at that time by the Parole Commission. And once a sentence has been imposed, the trial judge's authority to modify it is also circumscribed. Rule 35 of the Federal Rules of Criminal Procedure now authorizes District Courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal. The time period, however, is jurisdictional and may not be extended.

The import of this statutory scheme is clear: the judge has no enforcible expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met. To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts."

—— U.S. at ——, 99 S.Ct. at 2242–2243 (footnotes omitted).

Judgment affirmed.