**Raymond R. BRYAN, Appellant,**

v.

**Joseph S. PETROVSKY, Warden of the United States Medical Center for Federal Prisoners, and United States Parole Commission, Appellees.**

No. 83–1443.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1983.

Decided Feb. 6, 1984.

Robert G. Ulrich, U.S. Atty., David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees.

Duane J. Fox, Burrell, Seigfreid & Bingham, P.C., Kansas City, Mo., for appellant Raymond R. Bryan.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

## PER CURIAM.

Raymond R. Bryan appeals the District Court's[1] dismissal of his petition for a writ of habeas corpus. Bryan argues that his parole revocation was constitutionally defective because he was not given prior written notice of the grounds for revocation.

While on parole from a federal offense, Bryan was arrested for car theft. Shortly thereafter, on August 25, 1981, the U.S. Marshall, assumed custody of Bryan and served him with a copy of a parole-violation warrant charging four separate violations of parole: (1) failure to report changes in residence; (2) departure from the district without permission; (3) failure to submit supervision reports; and (4) car theft. On September 28, Bryan had a preliminary hearing before a United States probation officer. The officer found probable cause as to the first three violations, but as to the car theft recommended that the Parole Commission find that "no probable cause exists with respect to Charge 4 on the Warrant Application in view of the circumstances of subject's plea of guilty to the misdemeanor and lack of effective representation by counsel with regard to the conviction."

On October 13, the government sent Bryan a letter stating that the Commission found probable cause for all four charges, and had ordered a hearing to decide whether his release should be revoked. On November 17, the Commission held a revocation hearing in Springfield attended by Bryan and his attorney, an experienced parole attorney. Discussion took place concerning the auto theft. Finding that all four violations had occurred, the Commission revoked Bryan's parole.

Bryan argues he never received the October 13 letter because the letter was sent to the U.S. Marshal's office in St. Louis rather than to him at the Medical Center for Federal Prisoners in Springfield, Missouri. From this premise, he further argues that the failure to receive the letter invalidates the parole revocation because under *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), the Commission must give him written notice of the car-theft violation prior to the hearing.

■ The District Court did not make any findings about whether Bryan received the October 13 letter, but even assuming that he did not, the failure to receive the letter would not invalidate the parole revocation. Quite simply, the notice requirement of *Morrissey* was satisfied by the notice Bryan received when he was served the initial warrant stating the four charges. See *Kartman v. Parratt*, 535 F.2d 450, 456 (8th Cir.1976) (notice of charges at preliminary hearing sufficient for final hearing if the charges are the same). Bryan argues that the notice supplied in the warrant was invalidated by the probation officer's recommended finding that no probable cause existed as to the auto-theft charge. We reject this argument because the recommendation did not provide a basis on which Bryan could rely. It was only a recommendation, not a finding of the Commission. Bryan makes no argument that he was told that this recommendation was binding on the Commission or that he was prejudiced by his reliance on the recommendation. *Cf. United States v. Pattman*, 535 F.2d 1062, 1063 (8th Cir.1976) (per curiam) (failure to give prior notice harmless because not prejudicial to defendant).

The denial of the writ of habeas corpus is affirmed.

1. The Hon. William R. Collinson, Senior United States District Judge for the Western District of Missouri.