**Chris James ANDERSON Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Defendant-Appellee.**

No. 85–5983.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 1986.

Decided July 10, 1986.

Chris James Anderson, Lompoc, Cal., pro per.

Sharon Ellingsen, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before HUG, NORRIS, and NOONAN, Circuit Judges.

NORRIS, Circuit Judge:

Chris J. Anderson is a federal prisoner confined in the federal penitentiary at Lompoc, California. On July 5, 1984, he filed a pro se habeas petition in district court, claiming that the manner in which the Parole Commission set his parole release date considerably in excess of its presumptive guidelines violated his due process rights. Without passing on Anderson's constitutional arguments, we hold that the Parole Commission violated the Parole Commission and Reorganization Act ("the Act"), 18 U.S.C. §§ 4201–4208 (1982), when it relied on information contained in Anderson's Presentence Investigation Report (PSI) that was not made accessible to him before the parole hearing. Accordingly, we grant the petition and remand for a new hearing in conformity with the procedural requirements of the Act.

I

Anderson is currently serving a twenty-year sentence for committing an armed

bank robbery in violation of 18 U.S.C. § 2113(d). Under 18 U.S.C. § 4205(a), he becomes eligible for parole after serving one-third of his term, or eighty (80) months.

Anderson's PSI details a history of violent behavior, both within and outside confinement. At his initial parole hearing on March 9, 1983, a hearing panel of the United States Parole Commission considered Anderson's PSI in setting his offense behavior at category five (5) severity and his parole prognosis, or salient factor score, at category two (2). The Parole Commission's presumptive guidelines, set forth in 28 C.F.R. § 2.20 (1981), yield a recommended range of 60–72 months before a prisoner with these ratings should be released on parole. The original hearing examiners could not agree on an appropriate release date. Accordingly, the matter was referred to the Regional Commission, which set a release date 108 months after the commencement of Anderson's prison term, or 36 months in excess of the guidelines.

The Notice of Action sent to Anderson by the Regional Commission gave the following explanation for his extra time:

> [A] decision above the guidelines appears warranted because: You have a repetitive history of assaultive behavior, specifically: You are a more serious parole risk than indicated by your salient factor score due to your history of repetitive assaultive behavior: Your prior record shows convictions for: assaulting a police officer 4–24–71; assault with a deadly weapon 7–26–71; manslaughter 10–5–72. Additionally you have a lengthy history of assaultive and disruptive conduct within both state and federal correctional facilities while incarcerated.

After exhausting his administrative remedies, Anderson invoked the habeas corpus jurisdiction of the district court under 28 U.S.C. § 2241. Anderson's habeas petition pleaded the following claims of error: (1) the Parole Commission used outdated and derogatory information to justify a decision in excess of Anderson's presumptive guidelines; (2) the Parole Commission did not specify "good cause" for disregarding the

guidelines, as required by 18 U.S.C. § 4206(a)(c); (3) the Parole Commission did not independently corroborate the reliability of the damaging information set forth in Anderson's PSI; and (4) the Parole Commission did not furnish Anderson with advance access to the information upon which it based its determination. Pursuant to the recommendation of a United States magistrate, the district court entered an order dismissing the petition. We have jurisdiction over Anderson's appeal from this order under 28 U.S.C. § 2253.

II

18 U.S.C. § 4207(3) provides that in arriving at parole release determinations, "the Commission shall consider, if available and relevant, ... presentence investigation reports." The Commission is also authorized to consider reports on the prisoner's institutional record and his prior criminal history. 18 U.S.C. § 4207(1) & (2). Information contained in such reports may constitute "good cause" for setting a release date outside the recommended guideline range. *Izsak v. Sigler*, 604 F.2d 1205 (9th Cir.1979). Accordingly, the Parole Commission did not violate Anderson's rights simply by basing its exceptional parole release determination on his PSI.

However, the Parole Commission did violate Anderson's statutory hearing rights when it based its parole determination on a report that was not made reasonably accessible to Anderson in advance of the hearing. 18 U.S.C. § 4208(b)(2) requires that "at least thirty days prior to any parole determination proceeding, the prisoner shall be provided with ... reasonable access to a report or other document to be used by the Commission in making its determination." The statute is unambiguous on its face. Likewise, it is undisputed that Anderson was denied timely access to his PSI, and that information contained in the PSI was instrumental to the Commission's ultimate determination. The Commission does not claim that Anderson waived his right of access or that the PSI fell within one of the narrow exclusionary provisions enumerated in 18 U.S.C. § 4208(c). Thus, it is clear that the Com-

mission's failure to provide Anderson with reasonable access to his PSI violated his rights. *See Wilden v. Fields,* 510 F.Supp. 1295, 1312 (W.D.Wisc.1981).

Both the district court and the Commission relied on our decision in *Izsak v. Sigler,* 604 F.2d 1205 (9th Cir.1979), to justify non-disclosure of Anderson's PSI. Their reliance is misplaced. In *Izsak,* we held that a parole applicant is not entitled to advance notice of the specific grounds upon which the Commission intends to exceed the recommended guideline range. *Id.* at 1207 n. 4. Anderson does not claim that he was entitled to know in advance of the hearing the specific grounds of the Commission's decision. He claims only that he was entitled to review and contest the information on which the Commission's decision turned. *Izsak* does not deny him this right; nor could it, given the plain statutory command.

### III

We grant the writ and remand for a new hearing in compliance with the procedural requirements of the Act.