19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William J. NOLL, Petitioner-Appellant,
v.
Joel KNOWLES, Warden, et al., Respondents-Appellees.
 No. 93-15402.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1994.*
Decided March 23, 1994.
 
 Before: POOLE, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William J. Noll, an inmate at the Federal Medical Center in Rochester, Minnesota, appeals the district court's order granting summary judgment to the United States Parole Commission on all claims in Noll's habeas corpus petition, 28 U.S.C. Sec. 2441. In that petition, Noll raised numerous challenges to the Commission's finding that Noll violated his parole and its decision to revoke his mandatory release and order forfeiture of the time Noll spent on release (street time). The Commission also ordered Noll to continue to the expiration of his sentence with a special mental health aftercare condition.
 
 
 3
 We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm in part, reverse in part, and remand with instructions to grant a writ as to the increase in Noll's guideline range resulting from the charge that he made a threatening phone call.
 
 
 4
 * We review de novo the district court's decision whether to grant or deny habeas relief. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). "The scope of judicial review of the Commission's parole decision ... is exceedingly narrow." Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam). "[R]eview is narrowly limited to acts outside the Commission's statutory authority, decisions rendered outside its guidelines without a showing of good cause, and constitutional violations." Feldman v. Perrill, 902 F.2d 1445, 1449 (9th Cir.1990). "We defer to the Commission's interpretation of its own regulations unless the interpretation is plainly erroneous or inconsistent with the regulation." McQuerry v. United States Parole Comm'n, 961 F.2d 842, 847 (9th Cir.1992).
 
 II
 
 5
 Noll first asserts that the Commission violated its own regulation and his due process rights by relying on the allegation that he made a threatening phone call to Cleary. The Commission considered the phone call new criminal conduct, and in accordance with its guidelines, rated the threatening act at Category Four severity. 28 C.F.R. Sec. 2.20, ch. 2, subch. F p 251(a) (1993).
 
 
 6
 Noll argues that the Commission did not find by a preponderance of the evidence that he made such a threat. See id. Sec. 2.19(c) ("If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability."). Noll relies mainly on the fact that McCarthy, in her summary report, concluded there was no probable cause to believe Noll made the alleged phone call.
 
 
 7
 The Commission responds that it was not bound by McCarthy's conclusion as to the lack of probable cause. In an analogous situation, the Eighth Circuit held that a probation officer's "no probable cause" recommendation as to an auto-theft charge did not invalidate the Commission's subsequent notice of charges, which listed a count relating to the alleged auto theft. "[T]he recommendation did not provide a basis on which [the parolee] could rely. It was only a recommendation, not a finding of the Commission." Bryan v. Petrovsky, 726 F.2d 431, 432 (8th Cir.1984) (per curiam). We agree that McCarthy's "no probable cause" recommendation did not preclude the Commission from considering the threatening phone call charge.
 
 
 8
 Noll also argues that the Commission erred in considering the threatening phone call charge because the state court dismissed that same criminal charge. This argument fails. The state criminal charges require proof beyond a reasonable doubt. Pursuant to 28 C.F.R. Sec. 2.19(c), the burden in a parole revocation proceeding is only proof by a preponderance of the evidence. See Bowen v. United States Parole Comm'n, 805 F.2d 885, 888 (9th Cir.1986) ("It does not violate due process for the Commission to consider unadjudicated allegations in determining the parolee's 'offense severity rating' under the guidelines."). For this same reason, Noll's reliance on Addington v. Texas, 441 U.S. 418, 431-33 (1979), which holds that the "clear and convincing" standard of proof is the constitutional minimum in an involuntary commitment proceeding, is misplaced.
 
 
 9
 Finally, Noll argues that the district court erred by not allowing him to amend the petition to allege that the threatening phone call charge amounts to an impermissible content-based restriction of his free speech rights. Any such amendment would have been futile, since the Commission punished Noll for his conduct, not for his expression. See Wisconsin v. Mitchell, 113 S.Ct. 2194, 2200-01 (1993) (upholding application of penalty-enhancement scheme to defendant who selected victim on account of race, and distinguishing R.A.V. v. St. Paul, 112 S.Ct. 2538 (1992) (upon which Noll relies), on ground that Wisconsin statute "is aimed at conduct unprotected by the First Amendment").
 
 
 10
 Although Noll's arguments against the Commission's consideration of the threatening phone call charge are without merit, we do not decide whether the evidence was sufficient to support the Commission's preponderance finding that Noll made the phone call. As we discuss in part V, infra, the Commission failed to comply with its statutory obligation to provide Noll the major piece of evidence that supported the Commission's finding: a police report that reflected Cleary's closely-contemporaneous statement that Noll made the threatening phone call. Because the Commission improperly failed to give Noll the report, we express no opinion as to whether it would support a preponderance finding on this charge.
 
 III
 
 11
 Noll next argues that the Commission abused its discretion in failing to set forth the basis for its parole-revocation decision. The district court rejected this argument on the footing that the Commission complied fully with 18 U.S.C. Sec. 4214(e) (repealed 1984[1]), which spells out the notice the Commission must give an individual whose parole is revoked.
 
 
 12
 Section 4214(e) provides that in the event the Commission revokes parole, "a digest shall be prepared by the Commission setting forth in writing the factors considered and reasons for such action, a copy of which shall be given to the parolee."
 
 
 13
 The Commission's notice of action to Noll complies with the statutory directive. The notice sets out in writing the two factors the Commission relied on when it revoked Noll's parole: the battery conviction and Noll's "threats of death or bodily injury through use of a telephone."
 
 
 14
 According to the cases Noll cites, one of the purposes of the notice requirement is to permit the reviewing court to conduct a meaningful review of the Commission's decision. See, e.g., Haymes v. Regan, 525 F.2d 540, 544 (2d Cir.1975) ("the statement of reasons should enable the reviewing body to determine whether parole has been denied for an impermissible reason, or indeed, for no reason at all"). The Commission's notice did this. Noll appears to assert the notice was defective because the Commission relied on an illegitimate reason, viz., the threatening phone call allegation. We have already rejected this argument in part II, supra.
 
 IV
 
 15
 Noll argues that the Commission acted arbitrarily and capriciously in attaching a mental health aftercare condition to its revocation of his parole. The district court rejected this argument on the grounds that Noll had a history of mental illness and, alternatively, that the question of a post-release condition was committed to the Commission's discretion and therefore not subject to judicial review.
 
 
 16
 The district court was correct as to the former ground alone. The Commission is vested with authority to
 
 
 17
 impose or modify other conditions of parole to the extent that such conditions are reasonably related to--
 
 
 18
 (1) the nature and circumstances of the offense; and
 
 
 19
 (2) the history and characteristics of the parolee;
 
 
 20
 and may provide for such supervision and other limitations as are reasonable to protect the public welfare.
 
 
 21
 18 U.S.C. Sec. 4209(a); see also 28 C.F.R. Sec. 2.40(b) ("The Commission ... may at any time modify or add to the conditions of release pursuant to this section...."). Because Congress has specified "boundaries beyond which the Commission may not act[,]" we "may consider whether the Commission has acted outside these statutory limits." Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc).
 
 
 22
 Here, the Commission's decision to impose a mental health aftercare condition appears "reasonably related to the nature and circumstances of the offense," which include disturbing threats made to another member of the public, as well as Noll's own "history and characteristics." In connection with the latter inquiry, the Commission had before it Noll's 1981 presentence report, which indicated a history of mental illness dating back to 1972 and a diagnosis of neurotic depression in 1979; indeed, the district court that sentenced Noll recommended he receive "extensive psychiatric treatment and treatment for alcohol abuse."
 
 
 23
 Noll argues that the imposition of the mental health aftercare condition implicated his due process rights. No doubt it did. The relevant question, of course, is how much process is due. Mathews v. Eldridge, 424 U.S. 319, 332-35 (1976). In this case, the Commission provided Noll a hearing, received evidence, and imposed the aftercare condition in accordance with a relatively detailed statutory framework. United States v. White, 887 F.2d 705 (6th Cir.1989) (per curiam), upon which Noll relies, is inapposite. The defendant in that case was found incompetent to stand trial pursuant to 18 U.S.C. Sec. 4241, and ordered into custody for a period of four months. The Sixth Circuit vacated, on the ground that Congress, in providing a 30-day commitment for examination, set the cap on the time for holding an individual for an examination. Id. In contrast to Sec. 4241, Sec. 4209(a) leaves the crafting of any condition of parole to the Commission.
 
 
 24
 We therefore reject Noll's argument that the aftercare condition violated his due process rights.
 
 V
 
 25
 Noll next argues that the Commission violated his due process rights by failing to provide him police reports, witness statements, and other documents that would have put him on notice that the threatening phone call charge would be used in connection with the parole-revocation decision. Noll insists that if he'd known the possible consequences of these charges, he wouldn't have pleaded guilty or waived representation.
 
 
 26
 The Due Process Clause requires that prior to having her or his parole revoked, any parolee (federal or state) must receive, inter alia, written notice of the parole violation and disclosure of the evidence against her or him. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). In addition, 18 U.S.C. Sec. 4208(b)(2) requires that, not later than 30 days prior to the hearing, the parolee be provided "reasonable access to a report or other document to be used by the Commission in making its determination." The Commission also has a detailed regulation concerning disclosure of records. See 28 C.F.R. Sec. 2.55.
 
 
 27
 Noll argues principally that the Commission violated Sec. 4208(b)(2) by failing to provide him with the police report that included the allegations of the threatening phone call. The Commission concedes that Noll was not given the report, but insists he was on notice that the Commission would consider evidence relating to the threatening phone call. The warrant application stated that the phone call would be considered. A January 23, 1991 Commission telephone memorandum (which Noll received together with the probable cause letter) also made reference to the threatening phone call charge. In addition, the probable cause letter notified Noll that the Commission would consider, in addition to the battery charge, "other charges as listed on the warrant application."
 
 
 28
 Regardless of Noll's knowledge of the charge, the Commission's failure to furnish the report was a plain violation of Sec. 4208(b)(2). In Anderson v. United States Parole Commission, 793 F.2d 1136 (9th Cir.1986), the Commission failed to furnish the parolee with his Presentence Investigation Report (PSI), which contained a detailed history of the parolee's violent behavior. The Commission relied on the history of assaultive behavior detailed in the PSI in departing upward from its own guidelines. We held that the Commission violated the "unambiguous" language of the statute by withholding the PSI and remanded for a hearing in compliance with the statutory procedures. Id. at 1137-38; accord United States ex rel. Schiano v. Luther, 954 F.2d 910, 913-16 (3d Cir.1992); Pulver v. Brennan, 912 F.2d 894, 896-97 (7th Cir.1990); Phillips v. Brennan, 912 F.2d 189, 191-92 (7th Cir.1990) (per curiam).
 
 
 29
 Anderson controls here. The police report, like the PSI in Anderson, "was instrumental to the Commission's ultimate determination" concerning the threatening phone call charge. 793 F.2d at 1137. Indeed, as discussed in part II, supra, the report was the only piece of evidence substantiating that charge. Although the Commission insists that its failure to provide the report was harmless, Anderson makes clear that prejudice to Noll is presumed from the centrality of the report to the Commission's decision.
 
 
 30
 The Commission also argues that it was justified in not disclosing the report under Sec. 4208(c)(3), which excepts from the scope of Sec. 4208(b) any "information which, if disclosed, might result in harm, physical or otherwise, to any person." The Commission insists that, in light of Noll's "violent history" and "threats to Cleary," its "apparent conclusion that disclosure of the police report would endanger Cleary and Hines was not arbitrary and capricious, or an abuse of its discretion." We reject this argument for two reasons. First, as suggested by the Commission's own use of the word "apparent," nothing in the record indicates the Commission gave any thought to any possible danger to Cleary and Hines that might result from disclosure of the police report. Second, Sec. 4208(c)(3) requires the Commission "to summarize the basic contents of the material withheld"; again, nothing in the record indicates the Commission provided Noll with a summary of the police report.
 
 
 31
 Although Noll argues that if the Commission provided him the police report, he would not have admitted the battery charge, the Commission is not required to reconsider its decision to that charge. Noll pleaded guilty to the battery charge in state court on April 23, 1991, and the police report therefore was not instrumental to the Commission's calculation of the base guideline range of 16-22 months. The police report was instrumental, however, to the Commission's resolution of the threatening phone call charge, and to its concomitant addition of 34-44 months to the guideline range. Accordingly, the district court shall grant the writ as to the additional 34-44 months unless the Commission orders a rehearing as to the threatening phone call charge in compliance with 18 U.S.C. Sec. 4208.
 
 VI
 
 32
 Noll next argues that the Commission violated his due process rights by excluding Cleary from the hearing. Noll asserts, with reference to an affidavit executed by Cleary, that McCarthy told her that because Noll admitted the battery charge, no one could attend his revocation hearing. The district court rejected this argument on the grounds that Cleary would not have been an "adverse" witness, since she had recanted her story by the time of the hearing, that Noll waived Cleary's presence when he declined the hearing examiner's offer to continue the hearing, and that Noll failed to show any prejudice resulting from Cleary's absence.[2]
 
 
 33
 Noll relies on White v. White, 925 F.2d 287 (9th Cir.1991), in which we held it a violation of due process for the Commission to bar a parolee from confronting and cross-examining adverse witnesses. Id. at 291. The Commission there argued that the parolee waived this right by signing a form in which he admitted to some, but not all, of the charged parole violations; the form stated that the parolee had the right to call and confront witnesses only if he denied all the charges. We found this an involuntary waiver of the right to conduct cross-examination that the Supreme Court's Morrissey decision guarantees. Id. at 292.
 
 
 34
 Here, the Commission relies on Morrissey's limitation of that right to "adverse witnesses." 408 U.S. at 489 (emphasis added). As of May 9, 1991, the date McCarthy filed her report, Cleary was not telling the story reflected in the police report. Hence, the Commission is correct that Cleary's testimony at the hearing would not have been adverse to Noll's position, and her failure to appear did not impair his right to cross-examine an adverse witness.
 
 
 35
 Noll also argues that Cleary's absence violated due process, since he specifically requested her presence as a witness. Noll, however, waived the right to call Cleary. The hearing transcript reveals that Noll stated he would call William Fredrick, an FBI Agent, as his voluntary witness. Although Fredrick was not present, Noll elected to proceed without him. He did not indicate that he wanted a continuance in order to call Cleary and secure her presence.
 
 
 36
 We therefore reject Noll's due process arguments based on Cleary's absence.
 
 VII
 
 37
 Noll next argues that the Commission's decision to order forfeiture of his street time (i.e., the time he had been on parole) ran afoul of our decision in Rizzo v. Armstrong, 921 F.2d 855 (9th Cir.1990). In Rizzo, we held that the language of the parole statute, 18 U.S.C. Sec. 4210(b)(2), requires the Commission to exercise discretion in deciding whether to order forfeiture of the parolee's street time. We invalidated a Commission regulation, 28 C.F.R. Sec. 2.52(c)(2), that made such forfeiture mandatory wherever the parolee committed a new violation punishable by imprisonment. 921 F.2d at 861.
 
 
 38
 In the wake of Rizzo, the Commission adopted a policy, which it followed in this case, of exercising discretion whether to order forfeiture of street time in cases in the Ninth Circuit. See 28 C.F.R. Sec. 2.52 app. Noll complains that the Commission's discretionary decision in this case is unduly harsh, given that the underlying crime was a battery. The statute and the regulation, however, both provide that forfeiture is a possibility whenever parole is revoked based on a new offense "punishable by a term of imprisonment, detention or incarceration in any penal facility." 18 U.S.C. Sec. 4210(b)(2); 28 C.F.R. Sec. 2.52(c)(2). Rizzo indicates that the Commission (and the reviewing court) need look only to the violation charged in determining whether the parolee is subject to the statute and regulation. See 921 F.2d at 861 n. 7.
 
 
 39
 In California, the crime of battery is punishable by a term of imprisonment not to exceed six months. Cal.Penal Code Sec. 243(a) (West Supp.1994). The Commission therefore had discretion to order forfeiture of Noll's street time, and we have no power to review the Commission's exercise of that discretion. See Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988).
 
 VIII
 
 40
 Noll argues that the Commission erred twice in calculating his time in custody, first by refusing to credit the time he was in state custody on the battery charge, and again by not crediting his time as a resident in the Vinewood Community Treatment Center. Both contentions lacks merit.
 
 
 41
 Noll spent 136 days in state custody on the battery charge, and another two days in custody on the dismissed assault charge. In its notice of action, the Commission noted that Noll had spent a total of five months in state and federal custody on the battery charge. Pursuant to its own regulation, 28 C.F.R. Sec. 2.21(c), the Commission credited Noll's time in state custody for reparole guideline purposes, but not toward his original twelve-year sentence. We have previously ratified the Commission's application of this regulation in an identical factual setting. Berg v. United States Parole Comm'n, 735 F.2d 378, 379 (9th Cir.1984) (per curiam).
 
 
 42
 With respect to the time he spent in the community treatment center, Noll relies on Brown v. Rison, 895 F.2d 533 (9th Cir.1990),[3] in which we held that time spent in a residential treatment center must be credited toward service of a sentence, 18 U.S.C. Sec. 3568 (repealed 1984), at least where the conditions of restriction in the treatment center "approach[ ] those of incarceration." 895 F.2d at 536.
 
 
 43
 Brown does not control here, since Noll was on parole, and not in "custody," while residing at the center. The Commission made a public law placement of Noll at the center upon his mandatory release from jail. The Commission asserts that Noll asked to be placed in the center, on account of his lack of a place to reside in the Los Angeles area. Although the record contains no direct evidence of such a request, a letter from Noll's parole case manager to the Commission does make the request for a public law placement in light of "the institution's" (i.e., the federal penitentiary in Terre Haute, Indiana) denial of such a request. In addition, the record contains two requests for extensions of Noll's placement at the center. The first is a five-day request, based on the fact that Noll had no "family or friends" in the Los Angeles area with whom he could reside. The second is a 120-day request, made because "changes within the Veteran's Administration Hospital, regarding dormitory policies" rendered it "no longer to Mr. Noll's advantage to accept the bedspace previously authorized."
 
 
 44
 The record supports the Commission's argument that Noll was on parole while he resided in the treatment center. This time was street time, which the Commission had discretion to order forfeited. See part VII, supra.
 
 IX
 
 45
 Noll next argues that the Commission's calculation of his rescission guideline range unconstitutionally extends his twelve-year sentence. Although Noll's mandatory release date of March 19, 1994 and his full-term expiration date of August 20, 1995 both are outside the twelve-year period that started running on his sentencing date (January 11, 1982), that is a direct result of the Commission's decision to order forfeiture of Noll's street time. The Commission did not increase Noll's sentence; instead, it increased the amount of the sentence Noll must spend in custody.
 
 X
 
 46
 Finally, Noll argues that the Commission erred in basing its guideline calculation on his 1951 and 1956 escape convictions since Noll was not represented by counsel in those proceedings.
 
 
 47
 This argument is meritless. The record shows the Commission did not take into account any prior convictions in calculating Noll's base salient factor score of one. On the factors of prior convictions and prior commitments, the Commission placed Noll into the highest categories based on five convictions that postdated the escape convictions. The additional salient factor score of four was based solely on the threatening phone call charge.
 
 XI
 
 48
 We affirm the district court's judgment as to all of Noll's claims except that concerning the Commission's failure to disclose the police report. As to that claim, and only to the extent it concerns the threatening phone call charge, we reverse the district court's judgment and remand with directions to grant the writ unless the Commission conducts a new hearing on that charge in compliance with 18 U.S.C. Sec. 4208.
 
 
 49
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Parole Commission and Reorganization Act, 18 U.S.C. Secs. 4201-4218, was repealed as part of the Comprehensive Crime Control Act of 1984. All of the Parole Act's provisions apply to Noll, however. See Pub.L. 98-473, 98 Stat. 2027 Sec. 235 (1984) (for individual who committed offense prior to November 1, 1987, provisions of parole chapter remain in effect until November 1, 1992)
 
 
 [2]
 Although the Commission defends the ruling on the ground that Cleary "misunderstood" what McCarthy told her, the affidavits of the two individuals directly contradict each other regarding who said what to whom. Hence, we may affirm on this claim only if we are satisfied that Cleary's absence from the hearing did not deprive Noll of due process
 
 
 [3]
 Noll also relies on Moreland v. United States, 932 F.2d 690 (8th Cir.1991), in which an Eighth Circuit panel aligned itself with Brown. Id. at 692-93. On rehearing en banc, the full Eighth Circuit rejected Brown. 968 F.2d 655, 659 (8th Cir.) (en banc), cert. denied, 113 S.Ct. 675 (1992)