43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas James CLEARY, Petitioner-Appellant,
v.
Mark A. HENRY, Warden, Respondent-Appellee.
 No. 94-55504.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas James Cleary, a federal prisoner, appeals pro se the district court's order which conditionally granted a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. Cleary, who challenges the constitutionality of his parole revocation hearing, contends that the district court erred by misconstruing his delay claim, by failing to conduct an evidentiary hearing, and by failing to reach his claim regarding the production of witnesses. We have jurisdiction under 28 U.S.C. Sec. 2253 and review de novo. Camacho v. White, 918 F.2d 74, 77 (9th Cir.1990). We affirm.
 
 
 3
 While on parole for a 1983 federal conviction, Cleary was arrested on state drug charges. In June 1992, the Parole Commission issued an arrest warrant, which was placed as a detainer with the state. Cleary was taken into federal custody in November 1992. In January 1993, a probation officer found probable cause to believe that Cleary had violated his parole.
 
 
 4
 In the interim, Cleary filed a habeas corpus petition challenging the delay in holding his preliminary interview and revocation hearing. Judge Brewster denied the petition.
 
 
 5
 The Parole Commission scheduled Cleary's revocation hearing for April 8, 1993. At the last minute, the Commission advanced Cleary's hearing to April 5. Cleary objected to the rescheduling, noting that several witnesses were unable to appear. The Commission revoked his parole.
 
 
 6
 Cleary then filed this petition, assigned to Judge Lew, alleging that his due process rights had been violated by the abrupt rescheduling of the revocation hearing. Cleary alleged that his witnesses were not able to attend because of the last minute change. The district court, by adopting the magistrate judge's report, agreed that the Commission's action in rescheduling the hearing violated Cleary's due process right to reasonable notice. To remedy the violation, the district court ordered that any adverse consequence of the parole revocation be discharged without prejudice to the Commission's right hold a new revocation hearing on reasonable notice.
 
 
 7
 In addition, Cleary's petition challenged the time delay between his arrest and the various parole proceedings as well as the Commission's failure to produce the witnesses he had requested. The district court found that Cleary had presented the delay claim before Judge Brewster and, in any event, the claim was moot because the preliminary interview had been held. The district court declined to reach the witness issue since it determined that a new revocation hearing was warranted.
 
 
 8
 On appeal, Cleary first argues that the district court misconstrued his petition by overlooking the delay preceding the revocation hearing. This contention lacks merit. The district court ruled that the delay claim regarding the preliminary interview had been disposed of by Judge Brewster. The district court also found that Cleary was entitled to a new revocation hearing because the Commission had rescheduled the April hearing on short notice. Finally, the district court ruled that it need not determine whether any delay would prejudice Cleary's defense at a new hearing since an assessment of that prejudice would be speculative and the present record did not establish prejudice. See Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir.1989). These findings and rulings amply disposed of Cleary's delay claim.
 
 
 9
 In a related claim, Cleary contends that the district court should have conducted an evidentiary hearing to determine whether he was prejudiced by the delay. He also contends that he has established actual prejudice thus the district court should have granted the writ unconditionally. We disagree. The district court was within its discretion to order a new parole hearing as a remedy for the due process violation. See Camacho, 918 F.2d at 79 (remedy for due process violation at parole revocation hearing was a new hearing with proper notice). The district court noted that Cleary had demonstrated that the result of the violation was the inability to contact witnesses. Having ordered the remedy of a new hearing, the district court properly concluded that it would be speculative and premature to determine whether the delay would prejudice Cleary's ability to defend himself at any subsequent hearing. Cf. United States v. MacDonald, 435 U.S. 850, 858-59 (1978) (whether a defendant has been prejudiced by pre-indictment delay cannot be accurately measured until after trial). Therefore, no evidentiary hearing was required.
 
 
 10
 Cleary's final claim is that the district court erred by declining to rule on his claim that the Parole Commission violated his right to have witnesses present at the hearing. Because any such violation can be remedied at the new revocation hearing, the district court acted within its discretion in declining to reach this claim. See Anderson v. United States Parole Comm'n, 793 F.2d 1136, 1137-38 (9th Cir.1986) (remanding for a new hearing when Commission denied parolee timely access to information used at parole hearing); but see White v. White, 925 F.2d 287, 292 (9th Cir.1991) (ordering parole violation expunged when parolee had been denied right to present witnesses at hearing).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3