UNITED STATES of America, Plaintiff–Appellee,

v.

Ernest TRASLAVINA, Defendant–Appellant.

No. 03–10299, 03–10629.

D.C. No. CR–87–00166–LDG.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 13, 2004.*

Decided Sept. 20, 2004.

Greg Addington, AUSA, Reno, NV, for Plaintiff-Appellee.

Ernest Traslavina, Fort Dix, NJ, pro se.

Before: PREGERSON and KOZINSKI, Circuit Judges, and RHOADES,** District Judge.

## MEMORANDUM ***

Petitioner seeks return of his airplane. His claim accrued no later than October 1991, when he could reasonably have been expected to inquire about the plane, which would have alerted him to the forfeiture. *See United States v. Kubrick,* 444 U.S. 111, 120–21, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (applying the common law rule for statutes of limitations). Because petitioner did not seek return of his plane until June 1998, his claim is barred. *See* 28 U.S.C. § 2401(a).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John S. Rhoades, Sr., Senior Judge, United States District Court for the Southern District of California, sitting by designation.

■ Petitioner also challenges the district court's imposition of a fine without first determining his ability to pay. Since defendant committed his crime before November 1, 1987, U.S.S.G. § 5E1.2(a), which precludes imposition of a fine "where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine," does not apply. *See United States v. Rewald*, 835 F.2d 215, 216 (9th Cir.1987). Prior law did not contain a similar requirement.

■ As a matter of equal protection, however, "[i]f, under the sentence imposed, the defendant, because of [his] financial inability to pay a fine, will be imprisoned longer than someone who had the ability to pay the fine, then the sentence is invalid." *United States v. Estrada de Castillo*, 549 F.2d 583, 584 (9th Cir.1976). Petitioner claims that he has been denied parole because he has not yet paid the fine. The record does not indicate that he has been denied parole, let alone the basis for that decision. But even if petitioner's allegations were true, we could not consider them: We are reviewing only his sentence. Petitioner's claim arises not from the sentence as such, but from the Bureau of Prisons's alleged actions in denying parole. *See United States v. Miller*, 588 F.2d 1256, 1264 (9th Cir.1979) ("[U]nder Ninth Circuit law even if [defendant] claimed indigency, he must await the event of his being held beyond his sentence to complain."). If petitioner wishes to pursue his claim, he must exhaust the Bureau of Prisons's review process, *see* 28 C.F.R. § 542.10, before seeking judicial review by writ of habeas corpus. *See Benny v. United States Parole Comm'n*, 295 F.3d 977, 988

(9th Cir.2002) (citing *Izsak v. Sigler*, 604 F.2d 1205, 1206 n. 1 (9th Cir.1979)).

AFFIRMED.