**Armando John VARGAS,**
**Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMIS-**
**SION, Respondent–Appellee.**

No. 87–15165.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 1988.\*

Decided Dec. 22, 1988.

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Armando John Vargas, Phoenix, Ariz., pro per.

Richard K. Preston, U.S. Parole Comm'n, Chevy Chase, Md., for respondent-appellee.

Before WALLACE, TANG and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Vargas, ("appellant") appeals pro se from the district court's denial of his habeas corpus petition. Vargas alleges that the United States Parole Commission (the "Commission") violated its regulations by: (1) failing to conduct the preliminary interview within the appropriate time period; (2) failing to conduct a revocation hearing within the statutory time periods, and (3) failing to give him notice of the parole violation charges against him, either after the execution of the warrant or before his revocation hearing. Additionally, he contends that the Commission violated the ex post facto clause, U.S. Const. art. I, § 9, cl.

3, by following an amended internal procedures manual at the time of the preliminary interview and the revocation hearing. Finally, he argues that the Commission exceeded its authority in determining his offense severity rating and salient factor score by (1) considering evidence of activities on parole for which appellant was never charged or convicted; (2) equating his actual conviction for solicitation with the more serious offense of pimping and pandering, and (3) relying on the arrest report as evidence of aggravating circumstances when calculating his guideline range. We affirm the district court's denial of appellant's habeas corpus petition except as to the issue of notice. We vacate and remand for the district court to determine whether the Commission notified appellant before his revocation hearing that it would consider the police department report at his revocation hearing.

## FACTS

Vargas was paroled from a 15 year sentence for bank robbery and an 18 year sentence for bank robbery in October, 1984. He was arrested for pimping on November 13, 1984. Appellant contends that he was never charged or convicted for pimping and was convicted only for solicitation for prostitution, for which he served 21 days. Based on this arrest and other drug-related charges, a parole violator warrant issued on February 25, 1985, and was executed on November 1, 1985. Appellant was retaken into custody when the violator warrant was executed.

The Probation Office was notified of the execution of the warrant on December 6, 1985 and conducted preliminary interviews on December 10 and 12. Appellant refused to discuss his case, claiming that his right to a speedy preliminary interview had been violated and that to preserve his claim, he could not discuss the case further. The Commission contends that the probation officer reviewed the parole violation charges with appellant even though he refused to cooperate and refused to comment; appellant claims that the charges were never discussed.

The Commission sent a probable cause letter, dated January 29, 1986, to appellant pursuant to 28 C.F.R. § 2.48(d) (1987). Appellant contends that he did not see this letter until April 1988 while he was preparing this appeal. Vargas' revocation hearing was held on February 5, 1986—97 days after the execution of the warrant on November 1, 1985. Appellant was represented by counsel at this hearing.

The Commission made findings of fact as to the five charges that formed the basis of the parole violation and set appellant's reparole date at 44 months. Appellant appealed the decision to the National Appeals Board, which rejected reconsideration because the appeal was late. Appellant filed a petition for a writ of habeas corpus with the district court. The district court denied the petition on December 1, 1987.

## STANDARD OF REVIEW

We review the denial of a habeas corpus petition de novo. *Roberts v. Corrothers*, 812 F.2d 1173, 1178 (9th Cir.1987). We may only review whether the Commission has acted outside its statutory authority or has committed a constitutional violation, but we may not review any decision involving the "exercise of judgment among a range of possible choices or options." *Wallace v. Christiansen*, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc). *See Coleman v. Perrill*, 845 F.2d 876, 878 (9th Cir.1988). We are precluded from reviewing the weight which the Commission attaches to sentencing or parole decisions, but a court can review whether the Commission exceeds its guidelines, decides cases on the basis of factors not contained in its regulations or statutes, or whether its decisions violate the Constitution. *Coleman*, 845 F.2d at 878. Thus, we have jurisdiction to review a claim that the parole guidelines or their application violates the Constitution. *Wallace*, 802 F.2d at 1552.

## DISCUSSION

■ The Commission is bound to follow its own regulations, and these regulations

have the force of law. *See Wallace,* 802 F.2d at 1552 n. 8; *Roberts,* 812 F.2d at 1179. Appellant contends and the Commission does not challenge the fact that 40 days elapsed before the Commission conducted the preliminary interview and 97 days passed before a revocation hearing was held.[1] The Commission clearly violated 28 C.F.R. § 2.49 (1987) when the revocation hearing was not conducted within 90 days.

Additionally, appellant's right to a preliminary hearing "is triggered by the execution of a parole violation warrant." *D'Amato v. United States Parole Comm'n,* 837 F.2d 72, 76 (2d Cir.1988). The statute does not set a definite time period in which to conduct the preliminary interview. 18 U.S.C. § 4214(a)(1)(A) (1982). Even given a violation of the Commission's regulations, a due process violation occurs only when appellant "establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial." *Sutherland v. McCall,* 709 F.2d 730, 732 (D.C. Cir.1983); *see also Hopper v. United States Parole Comm'n,* 702 F.2d 842, 847 (9th Cir.1983). Appellant did not present evidence to the Commission or the court to show that the hearing delay caused prejudice. In light of the extended delays concerning revocation hearings that we have allowed, a preliminary hearing delay of 40 days without any evidence of prejudice is not unreasonable. *See Heath v. United States Parole Comm'n,* 788 F.2d 85, 89 (2d Cir.1986).

Appellant raises a more serious claim, however, when he alleges that he did not receive notice of the charges against him before the preliminary interview or the revocation hearing and that he did not receive notice that the arrest information would be considered at his revocation hearing. The Commission's failure to provide a

parolee with access to information which the Commission considers instrumental to its decision constitutes a violation of the Parole Commission & Reorganization Act, 18 U.S.C. §§ 4201 et seq. *See Anderson v. United States Parole Comm'n,* 793 F.2d 1136, 1137 (9th Cir.1986). In *Anderson,* the court held that the Commission could consider any available information in setting a parole release guideline range, but that the failure to provide that information to the prisoner clearly violated the plain language of the parole statute. *Id.* at 1138. *See also Raines v. United States Parole Comm'n,* 829 F.2d 840, 843 (9th Cir. 1987). If Vargas was unaware that the Commission would consider revoking his parole based on information in the arrest report, his defense of improper category placement was irrelevant to the actual charges considered. *See Vanes v. United States Parole Comm'n,* 741 F.2d 1197, 1202 (9th Cir.1984) (Due process requires written notice of alleged violations and the charges' possible consequences to allow a parolee time to prepare a defense and obtain mitigation evidence).

In considering Vargas' claim that he received no notice of charges against him at the time the warrant was executed, i.e., an *Anderson* violation, *Wallace* requires a threshold inquiry to determine whether we have jurisdiction. 802 F.2d at 1552. We have jurisdiction if the facts indicate that the Commission acted outside its statutory authority. *Id.* The Commission contends that there is no evidence in the record that Vargas did not receive such notice. The record is void of this evidence, however, because the district court did not make any specific findings of fact concerning whether Vargas actually received notice. The district court dismissed this claim on other grounds. Thus, based on the record, we are unable to determine jurisdic-

---

1. Different regulations apply to each of three separate hearing categories: (1) preliminary interviews, conducted without unnecessary delay, to which a parolee is entitled in order for the Commission to determine if probable cause exists to believe that parole was violated, 18 U.S.C. § 4214(a)(1)(A); 28 C.F.R. § 2.48; (2) dispositional reviews, to which a parolee is entitled within 180 days after the Commission is notified that a parole violator *detainer* has been placed, 28 C.F.R. § 2.47; and (3) revocation hearings, which must be held within 60 days of a probable cause determination or within 90 days of the date of execution of a violator *warrant,* 28 C.F.R. § 2.49(e); *see also* 18 U.S.C. § 4214(c) (1982).

tion. Indeed, " 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.' " *Roberts*, 812 F.2d at 1177, *quoting Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). In this situation we take Vargas' allegations as true so that we may assume jurisdiction. *Id.* We reserve our final decision on jurisdiction until the facts have been determined by the fact finder. *Id.* at 1178. On the basis of our assumed jurisdiction, we remand the issue of notice to the district court to determine the following: whether appellant received the January 29, 1986 probable cause determination in time to adequately prepare for his February 5, 1986 revocation hearing; whether appellant was timely notified of the date of his revocation hearing; and whether he was informed that the police report information and allegations would be considered by the Commission at his revocation hearing.

If Vargas' contentions are true, the district court should require the Commission to hold a new revocation hearing and to provide Vargas with notice of the information and witnesses which the Commission weighs against him. *See e.g., Bowen v. United States Parole Comm'n*, 805 F.2d 885, 887 (9th Cir.1986) (notice need not "recount each of the statutory and regulatory provisions that might enter into the determination of whether all, none, or part of the original sentence will be revisited on the parole violator. The requirements ... are satisfied if the parolee knows the charges against him and the possible penalties"). However, if the district court determines that appellant was actually informed of the underlying reports concerning the pimping charges, or if, at his preliminary interview, appellant refused to receive such information, then the Commission acted within their discretion to consider the evidence. *Anderson*, 793 F.2d at 1136.

■ Appellant further contends that the Commission violated the ex post facto clause when it acted pursuant to a procedures manual that was not in effect at the time that the parole violator warrant was issued. Appellant's argument lacks a legal foundation. The Commission is not bound to follow its own internal rules if the rules are merely statements of policy, organization, procedure, or practice which are within the Commission's discretion to set. *Coleman*, 845 F.2d at 879; *see also United States v. Fifty–Three Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir.1982).

■ The Commission is vested with the authority to create and amend its offense severity factors and salient factor scores in order to determine a reparole date. *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir.1987). Although Congress delineated the statutory boundaries within which the Commission must exercise its discretion, those parameters do not turn internal procedures into laws for purposes of the ex post facto clause. *Wallace*, 802 F.2d at 1553. *See also Coleman*, 845 F.2d at 879 ("Parole Commission not bound by [internal] regulations because they are merely precatory"). Thus, even if the Commission applied agency procedures to classify Vargas' behavior while on parole that were different from those in force when the parole violator warrant was issued, those procedures are not deemed "laws" within the meaning of the ex post facto clause. *Vermouth*, 827 F.2d at 604; *Wallace*, 802 F.2d at 1554.

■ Finally, appellant advances several arguments which conflate into a claim that the Commission exceeded its discretion by considering the arrest report when determining his guideline range. The Commission's consideration of unadjudicated allegations or hearsay information to determine reparole guidelines does not violate due process. *Walker v. United States*, 816 F.2d 1313, 1317 (9th Cir.1987); *Bowen*, 805 F.2d at 888; *Jones v. United States*, 783 F.2d 1477, 1482–83 (9th Cir.1986). Therefore, the Commission's determination was within the range of its discretion. "This court lacks jurisdiction to scrutinize the decision any more closely." *Walker*, 816 F.2d at 1317.

The district court's decision is affirmed in part and vacated and remanded in part.