958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clifton Dwayne THOMAS, Petitioner-Appellant,
v.
Richard RISON, Warden, Respondent-Appellee.
 No. 91-55542.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992*.
Decided March 17, 1992.
 
 Before BROWNING, POOLE, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clifton D. Thomas, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition challenging the United States Parole Commission's decision setting a presumptive parole date after service of 148 months. He contends that the district court improperly considered dismissed armed robbery counts in calculating his presumptive parole date. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]
 
 BACKGROUND
 
 3
 Thomas pleaded guilty to two counts of of a seven-count indictment charging armed bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced to a twenty-year prison term. Pursuant to a plea agreement, the remaining five counts were dismissed.
 
 
 4
 In a pre-hearing assessment report, the Parole Commission calculated Thomas's offense severity rating as category seven on the ground that he had been involved in the robbery of more than four financial institutions. At an initial hearing before the Parole Commission, the examiners discussed Thomas's offense severity rating with him and recommended a presumptive parole date after service of 148 months. The Regional Commissioner concurred in the hearing panel's recommendation.
 
 
 5
 In response to Thomas's application, an interim hearing was held in which the Parole Commission again recommended a presumptive parole date after service of 148 months. The Regional Commissioner concurred with the hearing panel's recommendation. Alleging that the Parole Commission improperly considered the dismissed bank robbery counts in calculating his offense severity rating, Thomas appealed to the National Appeals Board, which affirmed the Regional Commissioner's decision.
 
 STANDARD OF REVIEW
 
 6
 We review de novo the district court's denial of a habeas corpus petition. Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988).
 
 DISCUSSION
 I. Sufficiency of the Evidence
 
 7
 Thomas contends that the Parole Commission violated his constitutional rights by considering the dismissed robbery counts because it failed to establish by a preponderance of the evidence that he committed the robberies.
 
 
 8
 Our review of a parole decision is limited to a determination of whether the Parole Commission "acted outside its statutory authority or ... committed a constitutional violation." Vargas, 865 F.2d at 193. We lack jurisdiction to review the Parole Commission's evaluation of evidence unless its evaluation was "so arbitrary as to be outside the boundary imposed by the preponderance of the evidence standard." Roberts v. Corrothers, 812 F.2d 1173, 1180 (9th Cir.1987).
 
 
 9
 In making parole determinations, the Parole Commission may consider information that does not meet the evidentiary standards required at trial. Id. It may consider information contained in a presentence report, Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987), as well as dismissed counts of an indictment, Maddox v. United States Parole Comm'n, 821 F.2d 997, 999 (5th Cir.1987).
 
 
 10
 Here, the Parole Commission considered the dismissed robbery counts on the basis of information in the presentence report, which indicated that Thomas was involved in seven separate bank robberies in the Tacoma area, all with similar modes of operation. Because the Parole Commission acted within its broad discretion by relying upon the presentence report, Walker, 816 F.2d at 1317, we lack jurisdiction to review its parole decision. Roberts, 812 F.2d at 1181-82.
 
 II. Good Cause
 
 11
 Thomas contends that the Parole Commission failed to demonstrate "good cause" for considering the dismissed robbery counts in calculating his offense severity rating. Because the Parole Commission sentenced Thomas to a term within the recommended guidelines for his parole, it was not required to demonstrate "good cause" for its decision. Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Thomas's motion for telephonic argument is denied