961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick RACH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35278.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 27, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Rach, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for bail jumping. He contends that there was insufficient evidence to establish that he willfully failed to surrender for service of his sentence for heroin distribution. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 BACKGROUND
 
 3
 Rach was sentenced to five years imprisonment following his guilty plea to distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was permitted to self-report for imprisonment and was released pursuant to an appearance bond. The bond required him to keep his probation officer informed of his current address and prohibited him from leaving the United States.
 
 
 4
 Murray Guterson, Rach's former attorney, advised Rach that he was required to surrender at FCI Pleasanton on March 3, 1988. Guterson thereafter obtained a thirty-day extension, to April 5, 1988, at the request of Rach's wife.
 
 
 5
 Rach failed to surrender as directed. On May 6, 1988, he was arrested in Newport Beach, California, and was charged with failing to surrender for service of his sentence, in violation of 18 U.S.C. § 3146(a). A jury found him guilty as charged, and he was sentenced to two years of imprisonment, with the sentence to run concurrent to the five-year term imposed for heroin distribution.
 
 STANDARD OF REVIEW
 
 6
 We review de novo the district court's denial of a habeas corpus petition. Vargas v. United States Parole Commission, 865 F.2d 191, 193 (9th Cir.1988).
 
 DISCUSSION
 I. Sufficiency of the Evidence
 
 7
 Rach contends that there was insufficient evidence to establish that his failure to surrender was willful because he made no effort to conceal himself from law enforcement authorities.
 
 
 8
 In determining whether the evidence is sufficient to support a conviction, we view the evidence in the light most favorable to the government to determine whether "any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). To support a conviction for bail jumping, the government must prove that the defendant "knowingly fail[ed] to surrender for service of sentence pursuant to a court order." 18 U.S.C. § 3146(a)(2).
 
 
 9
 We hold that a rational trier of fact could have found beyond a reasonable doubt that Rach knowingly failed to surrender. At trial, the government introduced evidence that (1) Rach's probation officer mailed him notice of the amended surrender date; (2) Guterson advised Rach's wife by telephone of the amended surrender date; (3) Rach acquired a passport shortly after his guilty plea to heroin distribution; (4) Rach purchased a yacht less than three weeks before his surrender date; (5) during a safety inspection of his yacht, Rach reported to the inspecting officer that he was en route to Mexico; (6) Rach failed to advise his probation officer of his travel plans; and (7) at the time of his arrest, Rach's yacht was docked in Newport Beach harbor, south of FCI Pleasanton.
 
 II. New Issues on Appeal
 
 10
 For the first time on appeal, Rach contends that he was not properly informed of his surrender date, the trial judge improperly instructed the jury regarding the element of willfulness, and the United States Attorney committed prosecutorial misconduct by making prejudicial statements during his opening and closing arguments. Because there are no exceptional circumstances warranting review of these contentions for the first time on appeal, we decline to address them. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit as provided by 9th Circuit R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4