967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mildred MILLER, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 91-16388.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mildred Miller, a federal prisoner, appeals pro se the district court's sua sponte dismissal of her 28 U.S.C. § 2241 petition. Miller contends that the United States Parole Commission ("Commission") violated her right to due process by relying on information that was not contained in the presentence report to establish her parole date. We review de novo, Camacho v. White, 918 F.2d 74, 77 (9th Cir.1990), and we affirm.
 
 
 3
 In 1987, Miller was convicted of thirty-six counts of mail fraud and received a nine-year sentence. A parole hearing was scheduled for February 1990. In January 1990, a regional administrator of the Commission sought additional information regarding the severity of Miller's offense from the U.S. Probation Office; in particular he inquired whether the probation officer or the Assistant United States Attorney ("AUSA") would object to parole being granted after Miller had served thirty-six months. The probation officer responded that the AUSA strongly objected to parole after 36 months because: (1) Miller had never shown remorse or any acceptance of responsibility for her illegal activities; (2) the total amount of her fraud was approximately three million dollars; (3) she obtained large amounts of money from victims suffering from incurable cancer and severe arthritis; and (4) the AUSA believed that Miller was likely to continue her illegal activities and therefore posed a considerable risk to the community. Miller responded to this letter and claimed that this information was false.
 
 
 4
 After a hearing, the Commission determined that Miller would not be eligible for parole until she had served seventy-two months. In her section 2241 petition, Miller requested that the district court "review the evidence submitted to the Parole Commission, [and] weigh the evidence as against that submitted by the U.S. Attorney in his letter...." The district court dismissed the petition sua sponte for lack of subject matter jurisdiction.
 
 
 5
 Our review of parole decisions is limited to determining whether the Commission "has acted outside its statutory authority or has committed a constitutional violation, but we may not review any decision involving the 'exercise of judgment among a range of possible choices or options.' " Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988) (quoting Wallace v. Christensen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc)). Within this unreviewable area are those judgments integral to individual parole decisions, including the nature of the offense and the history of the prisoner. Roberts v. Corrothers, 812 F.2d 1173, 1176 (9th Cir.1987). The Commission may consider information that does not meet the evidentiary standards required at trial, and this court lacks jurisdiction to review the reliability of the sources of such information. Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987).
 
 
 6
 Miller's challenge to the parole determination fails because the Commission acted within its statutory authority by considering the information provided by the AUSA in setting Miller's parole date. See Roberts, 812 F.2d at 1179-80 (the evaluation of evidence properly before the Commission is left almost entirely to its discretion); 18 U.S.C. § 4207 (Commission shall consider all relevant information concerning the prisoner as may be reasonably available). Moreover, the Commission has discretion to determine the reliability of the information provided by the AUSA, and this court cannot review that determination. See Walker, 816 F.2d at 1317. Finally, the Commission's consideration of unadjudicated allegations or hearsay information to determine Miller's parole date does not violate due process. See Vargas, 865 F.2d at 195.
 
 
 7
 Accordingly, the district court properly dismissed Miller's habeas petition.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3