5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Larry D. NIELSEN, Petitioner-Appellant,
v.
Carol Pavilack GETTY, Respondent-Appellee.
 No. 92-17050.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry D. Nielsen, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 habeas corpus petition challenging the United States Parole Commission's decision imposing mental health aftercare as a condition of mandatory release. We review de novo, Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988), and affirm.[1]
 
 BACKGROUND
 
 3
 Nielsen was sentenced to a twenty-year term of incarceration following his guilty plea to kidnapping, in violation of 18 U.S.C. Sec. 4205(b)(2). At his initial parole hearing, the Commission ordered him to serve the full term less good-time deductions. The Commission ordered no change in this decision following interim parole hearings held in 1986 and 1988.
 
 
 4
 At Nielsen's third interim parole hearing, the Commission reaffirmed its earlier decision requiring him to serve his full term and imposed mental health aftercare as a special condition of mandatory release. Nielsen appealed the decision to the National Appeals Board, which affirmed the Commission on the ground that the condition was justified by Nielsen's offense behavior and past problems.
 
 
 5
 Nielsen's mandatory release date is May 6, 1994.
 
 JURISDICTION
 
 6
 This court has limited jurisdiction to review the Commission's parole decisions. Wallace v. Christensen, 802 F.2d 1539, 1550-53 (9th Cir.1986) (en banc). We may review only whether the Commission "has acted outside its statutory authority or has violated the Constitution." Coleman v. Perrill, 845 F.2d 876, 878 (9th Cir.1988). We therefore have jurisdiction to review Nielsen's contention that the Commission violated its own regulations and denied him due process and equal protection by imposing the mental health aftercare condition.
 
 DISCUSSION
 
 7
 The Commission may modify conditions of mandatory release to the extent that such conditions are reasonably related to the nature and circumstances of the offense and the history and characteristics of the mandatory releasee. 18 U.S.C. Sec. 4209(a). Nielsen's presentence report indicates that his offense behavior involved kidnapping, drugging and physically abusing a ten-year-old girl. Prior to committing the offense, he had been diagnosed with an atypical depressive and antisocial personality disorder. A psychiatrist who examined Nielsen after he committed the offense recommended a lengthy treatment program. Accordingly, the mental health aftercare condition is reasonably related to Nielsen's offense behavior and characteristics.
 
 
 8
 Nielsen contends that the Commission was precluded by its own regulation, 28 C.F.R. Sec. 2.14(a), from modifying the conditions of his mandatory release absent "significant developments or changes" in his status since his initial hearing. The modification of conditions of supervised release is governed not by 28 C.F.R. Sec. 2.14(a) but by another regulation, 28 C.F.R. Sec. 2.40(b), which gives the Commission broad discretion to modify conditions of mandatory release at any time. See Bagley v. Harvey, 718 F.2d 921, 925 (9th Cir.1983). The Commission therefore retained the discretion to modify these conditions at Nielsen's interim hearing.
 
 
 9
 Nielsen next contends that the Commission denied him equal protection because the Commission may not modify the conditions of release of mandatory releasees, but only of parolees. Prisoners released mandatorily are subject to the Commission's jurisdiction exactly as if they had been paroled. See 18 U.S.C. Sec. 4164.
 
 
 10
 Third, Nielsen contends that the Commission denied him due process by failing to give him adequate notice of the mental health aftercare condition and failing to explain the condition. The notice requirement contained in 28 C.F.R. Sec. 2.40(b) for the modification of parole conditions applies only to parolees and mandatory releasees, not to incarcerated individuals such as Nielsen. The Commission was not bound to follow the sample form for imposing a mental health aftercare condition contained in the Commission's internal procedures manual. See Vargas, 865 F.2d at 195 (the Commission is not bound to follow its own internal rules where the rules are statements of procedure which are within its discretion to set).
 
 
 11
 Finally, Nielsen contends that the Commission denied him due process by imposing the mental health aftercare condition without a current psychiatric evaluation. The Commission ordered a psychiatric evaluation to determine if additional conditions of release are warranted, not to justify the imposition of the mental health aftercare condition. The Commission properly imposed the mental health aftercare condition due to Nielsen's offense behavior and characteristics. See 18 U.S.C. Sec. 4209(a).[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nielsen's motion to appear and argue the merits of this appeal is denied
 
 
 [2]
 We reject Nielsen's baseless allegation that the district court failed to consider his supplemental pleadings. The documents that Nielsen contends the Commission should have filed with the court were properly before the court as exhibits to Nielsen's supplemental pleadings