21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederico Monico FIGUEROA, Petitioner-Appellant,
v.
Steven F. PONTESSO, et al., Respondents-Appellees.
 No. 93-16636.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederico M. Figueroa, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 habeas petition alleging that he was deprived of his liberty interest in a disciplinary action without due process of law after respondents found him guilty of using cocaine. Specifically, Figueroa claims that respondents: (a) denied him the opportunity to review a urinalysis laboratory report and the master urine surveillance log prior to his disciplinary hearing; and (b) failed to electronically record his disciplinary hearing. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988) and affirm.
 
 
 3
 Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. Wolff, 418 U.S. at 563-69; Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988).
 
 
 4
 Here, on March 9, 1992, Figueroa received written notice that he was charged with using narcotics in violation of code 109 of the Bureau of Prison regulations. Two days prior to his March 31 hearing, Figueroa's staff representative provided him with a copy of the "PharmChem" lab report, which established that he had tested positive for cocaine. At his hearing Figueroa was given the opportunity to provide a statement in response to the charge of use of narcotics and denied that he had committed the prohibited act. Figueroa waived his right to call witnesses and presented no documentary evidence in his defense. Although Figueroa did not request the production of any documents at the hearing, he was shown a copy of the positive test results from PharmChem, a copy of the master urine surveillance log and a copy of the PharmChem urine surveillance sheet.
 
 
 5
 Thus, because the due process standards of Wolff v. McDonnell were followed in Figueroa's hearing, his claims that respondents violated his due process rights by failing to disclose evidence prior to his disciplinary hearing and failing to electronically record his hearing are without merit. See Wolff, 418 U.S. at 563-69; Zimmerlee, 831 F.2d at 186.
 
 
 6
 Accordingly, the district court did not err in denying Figueroa's Sec. 2241 petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3