26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. HUTCHINGS VON LUDWITZ, Petitioner-Appellant,
v.
Mark A. HENRY, Warden; U.S. Parole Commission, Respondents-Appellees.
 No. 93-56147.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William E. Hutchings von Ludwitz, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 petition. We review de novo, Camacho v. White, 918 F.2d 74, 77 (9th Cir.1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 In June 1975, Hutchings von Ludwitz was convicted of kidnapping and sentenced to life imprisonment. On the basis of the facts underlying Hutchings von Ludwitz's conviction, the United States Parole Commission ("USPC") set his parole date as October 23, 1984. But in July 1984 the USPC decided to reopen the case to consider new adverse information it had received. After a hearing, the USPC revoked the October 1984 parole date. The USPC explained its decision as follows:
 
 
 5
 Your victim was extremely vulnerable due to being an infant; [she] was in your custody approximately five months before you were arrested and is suffering from irreversible brain damage as a result of your behavior during the kidnapping; the sentencing judge and the U.S. Attorney oppose your parole; and there are indications that you have attempted to have the adoptive parents of the victim child killed.
 
 
 6
 After another parole hearing in December 1986, the USPC established a presumptive parole date of October 24, 1994. In its decision, the USPC noted that: "The extremely vulnerable victim sustained serious bodily injury in an automobile accident while in your custody which injuries resulted in her death in 1986." Additional parole hearings were held in 1988, 1990, and 1992, but the USPC made no change in Hutchings von Ludwitz's presumptive parole date.
 
 II
 Analysis
 
 7
 Hutchings von Ludwitz argues that the USPC violated his right to due process by reopening his case and continuing his presumptive parole date until October 24, 1994. In particular, he maintains that the USPC's decision was improper because it was not based on new information. We reject these arguments.
 
 
 8
 Our review of parole decisions is limited to determining whether the Commission "has acted outside its statutory authority or has committed a constitutional violation, but we may not review any decision involving the 'exercise of judgment among a range of possible choices or options.' " Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988) (quoting Wallace v. Christensen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc)). Within this unreviewable area are those judgments integral to individual parole decisions, including the nature and circumstances of the offense. Roberts v. Corrothers, 812 F.2d 1173, 1176 (9th Cir.1987).
 
 
 9
 Hutchings von Ludwitz's challenge to the parole determination fails because the USPC acted within its authority when it reopened his case and revoked his initial parole date. See 28 C.F.R. Sec. 2.28(f) (USPC may reopen a defendant's case to consider any new information that, according to the USPC, is significant enough to warrant reconsideration of the case). Moreover, the USPC acted within its statutory authority by considering the nature and circumstances of Hutchings von Ludwitz's offense, as well as the subsequent death of the victim, in setting the presumptive parole date. See id. at 1179-80 (the evaluation of evidence properly before the USPC is left almost entirely to its discretion); 18 U.S.C. Sec. 4207 (USPC shall consider all relevant information concerning the prisoner as may be reasonably available). Finally, the record demonstrates that the USPC's decision to reconsider the case was based on new information.
 
 
 10
 Accordingly, we conclude that the district court correctly denied Hutchings von Ludwitz's section 2241 habeas petition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3