30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benito HERNANDEZ-OSORIO, Petitioner-Appellant,
v.
Joseph H. CRABTREE, Warden, FCI Sheridan; Carol Getty,
Commissioner, United States Parole Commission,
Respondents-Appellees.
 No. 94-35328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided Aug. 4, 1994.
 
 Before: ALARCON, BEEZER AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hernandez-Osorio appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. He contends that the district court erroneously concluded that the Parole Commission's use of hearsay evidence did not violate principles of due process. He also contends that the Parole Commission exceeded its statutory authority by failing to determine his offense severity rating by a preponderance of evidence, as required by 18 U.S.C. Sec. 4214(d). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * We review de novo the denial of a petition for habeas corpus. Roberts v. Corrothers, 812 F.2d 1173, 1178 (9th Cir.1987). We review only to determine whether the Parole Commission acted outside its statutory authority or committed a constitutional violation. Wallace v. Christiansen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc).
 
 II
 
 4
 Relying on United States v. Bell, 785 F.2d 640, 643-44 (8th Cir.1986), Hernandez-Osorio contends that the Commission's use of statements contained in a police report to determine his offense severity rating was violative of due process.
 
 
 5
 We reject this contention. "Less process is due at a revocation hearing, and that process must be flexible enough to allow the [decisionmaker] to consider documentary evidence that may not meet usual evidentiary requirements." United States v. Simmons, 812 F.2d 561, 564 (9th Cir.1987). "[H]earsay evidence may be admissible in ... revocation hearings." Id. Although we have held that "[t]he Commission's consideration of unadjudicated allegations or hearsay information to determine reparole guidelines does not violate due process" per se, Vargas v. U.S. Parole Comm'n, 865 F.2d 191, 195 (9th Cir.1988), the consideration of unreliable hearsay may implicate the parolee's constitutional right of confrontation. United States v. Martin, 984 F.2d 308, 310 (9th Cir.1993). Hernandez-Osorio in his brief admits that the report "clearly constitutes reliable hearsay evidence" that he was arrested and found in possession of 16 bindles of a substance. Other reliable evidence indicated that 2 of these bindles yielded 3.02 grams of cocaine of unknown purity. Because this was all of the information necessary to determine Hernandez-Osorio's offense severity rating, the Commission's reliance on the report did not implicate his right to confront witnesses.
 
 III
 
 6
 Hernandez-Osorio also contends that the Commission exceeded its statutory authority by failing to conform to the preponderance of the evidence standard required under 18 U.S.C. Sec. 4214(d) when it determined that he possessed with intent to distribute the equivalent of between 1 and 4.99 grams of 100% purity cocaine, a Category Three offense.[1]
 
 
 7
 We have defined the preponderance standard as requiring "a sufficient weight of evidence to convince a reasonable person of the probable existence of ... [a] factor." United States v. Restrepo, 903 F.2d 648, 654-55 (9th Cir.1990). Under its regulations, the Commission need only establish that Hernandez-Osorio possessed between 4 and 19.99 grams of cocaine of unknown purity. See 28 C.F.R. Sec. 2.20, Chapter Nine, Subchapter C, Paragraph 921(h) and Notes to Chapter Nine, Paragraph (4).
 
 
 8
 The police report properly relied on by the Commission indicated that Hernandez-Osorio was arrested with 16 bindles in his possession. The two bindles that were weighed yielded 3.02 grams of cocaine of unknown purity. Although admittedly smaller than those weighed, the remaining 14 bindles, when combined, need weigh less than one gram to result in a Category Three offense. The Commission's conclusion was, thus, based on the inference that the 14 similar but smaller, contemporaneously seized bindles also contained cocaine weighing at least .98 grams. This reasonable inference satisfied the preponderance standard. The Commission did not exceed its authority.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It is axiomatic that "petitioners unhappy with discretionary parole decisions cannot circumvent the Parole Act and obtain judicial review simply by labeling their claims as constitutional or extra-discretionary." Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987). "Credibility of evidence is just the sort of judgment that is absolutely committed to the discretion of the Parole Commission." Id. at 1179; accord Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987). Because Hernandez-Osorio's contention is properly characterized as a challenge to sufficiency, rather than to the credibility, of the evidence considered by the Commission, we conclude that his claim is reviewable