89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Aston McADOO, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Wayne H. Seifert, Warden,
Metropolitan Detention Center, Los Angeles,
Respondents-Appellees.
 No. 95-56377.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Mark McAdoo appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition alleging that the United States Parole Commission ("Commission") denied him due process at a parole revocation hearing in which his mandatory release was revoked and he was ordered to remain in custody for ten months. Specifically, petitioner contends that the Commission acted outside its authority by relying on certain parole violations that the Commission had previously considered during an earlier parole modification.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253.
 
 
 3
 This court reviews the denial of a petition for a writ of habeas corpus de novo, Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988), and we affirm.
 
 
 4
 The scope of judicial review of decisions made by the Commission is exceedingly narrow. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). A court may only consider whether the Commission has acted outside its statutory authority or has committed a constitutional violation. Vargas, 865 F.2d at 193.
 
 
 5
 The Commission may modify conditions of parole on its own motion or on the motion of a United States probation officer supervising the parolee. 18 U.S.C. § 4209(d)(1). The revocation of parole requires a finding that the parolee has violated a condition of parole before a formal revocation may occur. 18 U.S.C. § 4214(d)(5).
 
 
 6
 Double Jeopardy does not apply to the revocation of parole. United States v. Soto-Olivas, 44 F.3d 788, 791 (9th Cir.), cert. denied 115 S.Ct. 2289 (1995). Revocation of parole is a reinstatement of the sentence for the underlying crime, and as such does not constitute a separate punishment for the conduct leading to the revocation. United States v. Brown, 59 F.3d 102, 104-105 (9th Cir.1995).
 
 
 7
 Here, on December 6, 1993, petitioner's probation officer reported that petitioner violated the conditions of his release by: 1) testing positive for drugs on November 23, 1993; and 2) failing to appear for drug testing on six occasions. As a result of these violations the Commission modified petitioner's conditions of parole by ordering him to participate in a drug program of the Community Corrections Center for 60 days. The Commission also notified petitioner that continued non-compliance with his conditions of release could result in his return to custody.
 
 
 8
 On February 16, 1994, the petitioner's probation officer reported that petitioner tested positive for drugs on January 27, 1994 while at the Community Corrections Center. The Commission subsequently held a revocation hearing and found that petitioner's previous failures to appear for drug testing and the two positive drug tests warranted the revocation of mandatory release.
 
 
 9
 Thus, the Commission's order modifying petitioner's conditions of release and subsequent parole revocation were consistent with the governing statutes. See 18 U.S.C. § 4209(d)(1); 18 U.S.C. § 4214(d)(5). Furthermore, the Commission's reliance on certain parole violations at the revocation hearing which it had previously considered during the earlier parole modification did not violate petitioner's constitutional rights. See Brown, 59 F.3d at 104-105; Soto-Olivas, 44 F.3d at 791.
 
 
 10
 Therefore, the district court did not err in denying petitioner's habeas petition. See Vargas, 865 F.2d at 193; Walker, 816 F.2d at 1316.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner also contends that the district court erred when it construed his Fed.R.Civ.P. 59(e) motion for reconsideration as a motion for relief from judgment under Fed.R.Civ.P. 60(b). Final judgment was entered on August 31, 1995. On September 14, 1995, petitioner filed a Fed.R.Civ.P. 59(e) motion together with a notice of appeal challenging the dismissal of his habeas action. Petitioner's motion was based on his belief that his objections to the Magistrate Court's findings and recommendations were inadequate and not persuasive because of his lack of access to a law library. Thus, because petitioner's Fed.R.Civ.P. 59(e) motion was untimely, and because he was seeking relief from the final judgment, the district did not err in construing the motion as motion under Fed.R.Civ.P. 60(b). See Fed.R.Civ.P. 59(e), 60(b)