85 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Todd Christopher GRANGE, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Wayne H. Seifert, Warden
of the Metropolitan Detention Center at Los
Angeles, Respondents-Appellees.
 No. 95-56401.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Todd Christopher Grange, a former federal prisoner,[1] appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. Grange contends that the United States Parole Commission ("Commission") violated his due process rights by disclosing to him insufficient evidence before his parole revocation hearing. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo a district court's denial of a habeas corpus petition. Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988). When reviewing a Commission's decision, we may only decide "whether the Commission has acted outside its statutory authority or has committed a constitutional violation." Id.
 
 
 4
 Due process requires that prior to parole revocation, a parolee must receive, inter alia, written notice of the claimed parole violations and disclosure of the evidence against him. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). However, a parolee is not "entitled to be apprised of all the evidence relied upon by a parole board in rendering its decision." Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991).
 
 
 5
 Grange contends that the documents disclosed to him contained only a digest of the evidence against him, not the actual materials upon which the digest was based. However, Grange was not entitled to the specific evidence relied upon by the Commission in reaching a decision. See Bermudez, 936 F.2d at 1066. Grange acknowledged (1) receipt of a warrant dated March 11, 1994, (2) receipt of a warrant application dated March 11, 1994, (3) a preliminary interview of April 18, 1994, and (4) receipt of his probation officer's correspondence with the Commission. The August 8, 1994 "Revocation Summary" and August 30, 1994 "Notice of Action" reflect that the Commission relied upon the received documents and Grange's comments at his preliminary interview to substantiate the finding of parole violations. Therefore, Grange received the notice to which he was entitled and his due process rights were observed. See Morrissey, 408 U.S. at 489; see also Vargas, 865 F.2d at 193.
 
 
 6
 Grange also contends that the district court erred by denying his section 2241 petition without an evidentiary hearing. The district court gave the parties several opportunities to supplement the record before denying the section 2241 petition. As the magistrate judge's detailed analysis suggests, the record conclusively showed that Grange was not entitled to habeas corpus under 28 U.S.C. § 2241. Thus, no evidentiary hearing was required. See Anderson v. United States, 898 F.2d 751, 753 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record indicates that Grange has served his imprisonment. We assume, without deciding, that the appeal is not mooted by Grange's release. See White v. White, 925 F.2d 287, 290 (9th Cir.1991); Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990)