116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby L. MOORE, Petitioner-Appellant,
v.
Michael A. PURDY, Warden; U.S. Parole Commission,
Respondents-Appellees.
 No. 96-55663.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California James M. Ideman, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Bobby L. Moore appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition challenging his 1995 parole revocation hearing. Moore contends that the United States Parole Commission ("Parole Commission") lacked jurisdiction to revoke his parole, and that both his 1995 and 1996 parole revocation hearings were unconstitutional. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Camacho v. White, 918 F.2d 74, 77 (9th Cir.1990), and affirm.
 
 
 3
 Moore first contends that the Parole Commission lacked jurisdiction to revoke his parole because section 235(b)(4)(B)(ii) of the Sentencing Reform Act of 1984 (the Act) divested the Commission of its revocation powers over prisoners. We disagree.
 
 
 4
 Congress officially abolished the Parole Commission and parole on November 1, 1987, the effective date of the Act. Stange v. United States Parole Comm'n, 875 F.2d 760, 761 (9th Cir.1989). Congress extended the time period in which the Commission must set release dates for prisoners who will be in custody after its dissolution, until November 1, 1997. Judicial Improvements Act Pub.L. 101-650, Title III, section 316, 104 Stat. 5115. Section 235(b)(4)(B)(ii) provides that the district court will make revocation determinations pertaining to prisoners who are released on a date set pursuant to section 235(b)(3), after the complete dissolution of the Commission. See Sentencing Reform Act 1984, § 235(b)(4), 98 Stat.2023.
 
 
 5
 Here, the Commission paroled Moore in June of 1990, seven years before § 235(b)(3) becomes effective. Therefore, section 235(b)(4)(B)(ii) is inapplicable to Moore's case, because it applies only to prisoners who are paroled on a date set pursuant to section 235(b)(3). Accordingly, the Parole Commission maintained jurisdiction over Moore's case.
 
 
 6
 Moore next challenges the Parole Commission's failure to disclose Federal Bureau of Investigation documents prior to his 1995 revocation hearing. The proper remedy for a denial of a parolee's due process rights at a parole revocation hearing is to grant the petitioner a new revocation hearing. See Camacho, 918 F.2d at 79; Vargas v. United States Parole Comm'n, 865 F.2d 191, 195 (9th Cir.1988).
 
 
 7
 Here, before formal disposition of Moore's petition in the district court, the Parole Commission reopened the case and scheduled a supplemental hearing in which the F.B.I. documents were disclosed. At the 1996 hearing, Moore was given the opportunity to be represented by counsel and request adverse and voluntary witnesses. We conclude that the district court properly denied Moore's claim as moot because he has already received the relief to which he was entitled. See Vargas, 865 F.2d at 195; Berg v. United States Parole Commission, 735 F.2d 378, 379 n. 3 (9th Cir.1984) (issue moot because Commission held required hearing).
 
 
 8
 Finally, Moore attempts to challenge the 1996 revocation hearing for the first time on appeal. Because the adequacy of the 1996 revocation hearing was not before the district court, we decline to address the constitutionality of the hearing for the first time on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). However, Moore may raise issues regarding the constitutionality of the 1996 hearing in a second proceeding under 28 U.S.C. § 2241.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Moore's motion to amend his brief is denied