129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen Charles FORDE, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 97-55164.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-96-00642-EE; Elgin C. Edwards, Magistrate Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stephen Forde, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition. Forde contends that the Parole Commission ("Commission") did not have jurisdiction over him because he was not given a termination hearing five years after his release on parole and the warrant and detainer were invalid because they were based on a state conviction that was reversed and remanded to the trial court. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo the district court's denial of a petition for writ of habeas corpus. See Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988). The scope of judicial review of decisions made by the Commission is exceedingly narrow. See Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam). A court may only consider whether the Commission has acted outside its statutory authority or has committed a constitutional violation. See Vargas, 865 F.2d at 193. The Commission acts outside its statutory authority if it makes a judgment arbitrarily, in violation of its preponderance of the evidence rule. See Roberts v. Corrothers, 812 F.2d 1173, 1181 (9th Cir.1987).
 
 
 4
 The early termination provision of the guidelines state that two years after a parolee's release on parole, and annually thereafter, the Commission must review the parolee's status and determine the need for continued supervision. See 18 U.S.C. § 4211(b) (repealed 1984). Five years after a parolee has been released on parole, the Commission must terminate a parolee's supervision unless, after a hearing, the Commission determines that the supervision should continue because there is a "likelihood that the parolee will engage in conduct violating any criminal law." 18 U.S.C. § 4211(c)(1) (repealed 1984). If a parolee has criminal charges pending, supervision shall not be terminated "until disposition of such charge(s) is known." See 28 C.F.R. § 2.43(e)(4) (1996)
 
 
 5
 Here, the Commission prepared written reports while Forde was on parole in 1989, 1991, and 1992. Each report recommended Forde remain under parole supervision because he had pending charges in the Orange County Superior Court for solicitation to commit murder and arson. The allegations were reported to the Commission in 1988, therefore the Commission was required to continue Forde's parole supervision because of the pending criminal charges. See id. Although the Commission was required to conduct a hearing if it decided not to terminate Forde's parole supervision after five years, he was not prejudiced from the Commission's failure to hold such a hearing. See id.; see also Tatum v. Christensen, 786 F.2d 959, 963-64 (9th Cir.1986) (per curiam) (no prejudice shown when Commission failed to conduct five-year early termination hearing because the evidence strongly indicated supervision would have continued) (overruled on other grounds). Accordingly, the district court did not err by denying Forde's habeas petition based on the Commission's failure to conduct a five-year termination hearing.
 
 
 6
 Forde also contends that the parole warrant and detainer were invalid because they were based on a state conviction which was vacate and remanded to the trial court. This contention lacks merit.
 
 
 7
 "In cases in which a parolee has been convicted of [any criminal] offense and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer." 18 U.S.C. § 4214(b)(1) (repealed 1984).
 
 
 8
 Here, Forde was convicted of soliciting an individual to commit murder and arson on October 18, 1993. The Commission properly issued a parole revocation warrant and filed it as a detainer on November 3, 1993. See id. Subsequently, Forde appealed his state conviction and the state appellate court vacated and remanded with instructions to consider Forde's new trial motion. The court further stated that if the new trial was denied, Forde's convictions would be reinstated. Forde has failed to demonstrate that the Commission is required to wait to file a detainer until Forde has exhausted all state remedies or his conviction becomes final. Cf. 18 U.S.C. § 4214(b)(1) (repealed 1984) (statute does not require exhaustion of state remedies). Accordingly, the district court did not err by denying Forde's habeas petition because charges were still pending. See 28 C.F.R. § 2.43(e)(4) (1996).[1]
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellant's and Appellee's motions for leave to expand the record are granted pursuant to Federal Rule of Appellate Procedure 10(e). An expansion of the record reveals that the trial court has now reinstated Forde's convictions, therefore the parole warrant and detainer are still deemed valid. See 18 U.S.C. § 4214(b)(1) (repealed 1984)